David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

---------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                :   ECF CASE

SANOFI PASTEUR, INC., f/k/a AVENTIS
PASTEUR, INC., and Cargo Insurers,    :

                                                    07 Civ. 6354(BSJ)

                Plaintiffs,        :

                                                      **COMPLAINT**

   - against -                    :

KUEHNE & NAGEL, INC.; KUEHNE &    :
NAGEL, S.A.; EXCLUSIVE
TRANSPORTATION FOR INDUSTRY,   :
INC.; CONTINENTAL AIRLINES, INC.;

                                                  :

                Defendants.
---------------------------------------------------------------x

      Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendants:

      1.    Plaintiff Sanofi Pasteur, Inc. ("Sanofi") formerly known as Aventis Pasteur, Inc., is a corporation organized under the laws of Delaware with its principal place of business in Pennsylvania, and sues herein as the shipper and owner of the cargo in suit. Sanofi brings this action on its own behalf and for and on behalf of the intended purchasers, consignees, and insurers of the cargo as their interests may now or hereafter appear. Plaintiffs seek recovery for cargo loss and damage caused by defendants' breaches of contracts and torts.

2. Defendants Kuehne & Nagel, Inc., Exclusive Transportation for Industry, Inc. ("ETI") and Continental Airlines, Inc. ("Continental") are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

3. Defendant Kuehne & Nagel S.A. is believed to be a corporation organized under the laws of, and with its principal place of business in, a foreign sovereign.

4. This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole as common carriers, forwarders, bailees, and warehouseman for hire, and the provision of services related thereto, including services pertaining to shipments to, from and through the State of New York. At all material times defendants held themselves out to be specialists in the handling, forwarding, storage, and/or carriage of temperature-sensitive pharmaceutical products, vaccines, and related shipments.

**FIRST CAUSE OF ACTION**

5. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 4 of this complaint.

6. This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331. There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

7. This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect

in the country of origin and destination thereto at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

8. This action involves damage and loss to shipments of vaccines which were intended to move in interstate and international transport from Taylor, Pennsylvania, to Thailand and East Timor, in multiple modes of transport including road transport by ETI from the place of receipt to the airports of departure and air transport to final destination by way of Kuehne & Nagel subcontracting air carriers, all as more fully described in certain air waybills, bills of lading, and/or freight bills, including but not limited to Kuehne & Nagel air waybill PHL45027048 (MAWB 297-PHL-5220-4504), 618-90144412, 160-38979220 all dated on or about July 7, 2005 and ETI straight bills of lading 765412 (T00986 and T00987) dated on or about July 8, 2005.

9. Defendants were aware that the shipments consisted of perishable products which required special handling, including temperature-controlled care at all times.

10. On or about July 7 thru 11, 2005 the shipments were exposed to nonconforming temperatures and improper care while in defendants' care, custody and control.

11. As a result the shipments sustained loss and damage which rendered them unfit for intended usage.

3

12. The loss and damage to the shipments in suit was the result of defendants' intentional misconduct and/or reckless misconduct in failing to provide agreed care, including but not limited to temperature-controlled care, during all stages of their custody of the shipment.

13. By reason of the aforesaid plaintiffs, and those on whose behalf they sue, have sustained damages in the amount of $250,000.00, no part of which has been paid although duly demanded.

14. Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 6 and 8 through 14 of this complaint.

16. When the cargo was received into the care, custody and control of defendants, or entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the cargo at the intended destination in the same order and condition. Instead, due to exposure to non-conforming temperatures during defendants' custody, the subject shipments were rendered unfit for intended usage.

17. Therefore, defendants, as common carriers, bailees, forwarders, and/or warehousemen-for-hire, are liable to plaintiffs for the claimed damage and loss to the cargo in suit.

## THIRD CAUSE OF ACTION

18. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 6, and 8 through 17 of this complaint.

19. At all material times defendants were aware of the nature of the cargo and the fact that it was temperature-sensitive and required special care during all periods of transportation, handling and storage.

20. At all material times defendants held themselves out to be specialized in the care and carriage of temperature-sensitive goods, including pharmaceutical products.

21. At all material times defendants charged supplemental and/or enhanced fees and freight rates for providing accessorial services such as temperature-controlled care, handling and storage.

22. In addition to services relating to air and road carriage, for agreed consideration, including supplemental and enhanced fees, defendants contracted to provide such specialized temperature-controlled care, storage and handling for the shipment in suit.

23. The damage to the cargo in suit was caused in whole or in part by defendants' fundamental breaches of contract and their reckless failure to provide the agreed accessorial services relating to specialized temperature-controlled care, handling, and storage.

**FOURTH CAUSE OF ACTION**

24. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 6 and 8 through 17 of this complaint.

25. Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which was reasonably required under the premises and/or willfully,

5

recklessly or negligently and/or with gross negligence failed to provide adequate temperature and climate control measures for the shipment as were reasonably required under the premises.

26.     The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

## FIFTH CAUSE OF ACTION

27.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 6, and 8 through 17 of this complaint.

28.     Defendants Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and ETI are liable as forwarders and/or receiving and/or delivering carriers under the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706).

WHEREFORE, plaintiffs respectfully demand judgment against defendants jointly and severally:

    (a)     for the sum of $250,000.00;

    (b)     for prejudgment interest at the rate of 9% per annum;

    (c)     for the costs and disbursements of this action;

    (d)     for such other and further relief as this Honorable Court deems proper and just.

Dated: New York, New York
       July 11, 2007

                              LAW OFFICES,
                              DAVID L. MAZAROLI

                              *s/David L. Mazaroli*

                              _____
                              David L. Mazaroli (DM 3929)
                              Attorney for Plaintiffs
                              11 Park Place - Suite 1214
                              New York, New York 10007
                              Tel.: (212)267-8480
                              Fax.: (212)732-7352
                              E-mail: dlm@mazarolilaw.com
                              File No.: 7R-1534