Andrew Karonis (AK5377)
SCHINDEL, FARMAN, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, NY 10122
Telephone No.: (212) 563-1710
Attorneys for Defendant Exclusive Transportation for Industry, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
SANOFI PASTEUR, INC., f/k/a AVENTIS     :     ECF CASE
PASTEUR, INC., and Cargo Insurers,      :
                                        :
                    Plaintiffs,         :     07 Civ. 6354 (BSJ)
                                        :
    -against-                           :     **ANSWER AND CROSS-CLAIMS**
                                        :
KUEHNE & NAGEL, INC.; KUEHNE &          :
NAGEL, S.A.; EXCLUSIVE TRANSPORTATION   :
FOR INDUSTRY, INC.; CONTINENTAL         :
AIRLINES, INC.;                         :
                                        :
                    Defendants.         :
------------------------------------------------x

Defendant Exclusive Transportation for Industry, Inc. ("ETI"), by and through its attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP for its answer to plaintiff's complaint and cross-claims against defendants Kuehne & Nagel, Inc., Kuehne & Nagel, S.A. and Continental Airlines, Inc. states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 1 of plaintiff's complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 2 of plaintiff's complaint, except admits that

ETI is a corporation organized under the laws of one of the fifty states and has its principal place of business in one of the fifty states.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 3 of plaintiff's complaint

4. Denies each and every allegation contained in paragraph 4 of plaintiffs complaint as it relates to ETI, except admits that ETI conducts business as a common and contract carrier pursuant to federal docket number MC 147102, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 4 of plaintiff's complaint as it pertains to the remaining parties.

### FIRST CAUSE OF ACTION

5. In response to paragraph 5 of the complaint, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 4 as set forth herein at length.

6. The allegations contained in paragraph 6 of plaintiff's complaint set forth a legal conclusion to which no response is required. In the event the court subsequently determines that a response is required, ETI denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of plaintiff's complaint

7. The allegations contained in paragraph 7 of plaintiff's complaint set forth a legal conclusion to which no response is required. In the event the court subsequently determines that a response is required, ETI denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 7 of plaintiff's complaint

8. Denies each and every allegation contained in paragraph 8 of plaintiff's complaint as it relates to ETI, except admits that ETI was retained by Kuhne & Nagel to

transport a shipment, contents unknown, having reference number 618-90144412 from Aventis Pasteur's facility in Taylor, Pennsylvania to Philadelphia Airport on July 8, 2005, and to transport a shipment, contents unknown, having reference number 160-3897220 from from Aventis Pasteur's facility in Taylor, Pennsylvania to Philadelphia Airport on July 8, 2005, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 8 of plaintiff's complaint as it pertains to the remaining parties.

9. Denies each and every allegation contained in paragraph 9 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 9 of plaintiff's complaint as it pertains to the remaining parties

10. Denies each and every allegation contained in paragraph 10 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of plaintiff's complaint as it pertains to the remaining parties

11. Denies each and every allegation contained in paragraph 11 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of plaintiff's complaint as it pertains to the remaining parties

12. Denies each and every allegation contained in paragraph 12 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of plaintiff's complaint as it pertains to the remaining parties

13. Denies each and every allegation contained in paragraph 13 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 13 of plaintiff's complaint as it pertains to the remaining parties

14. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 14 of plaintiff's complaint

## SECOND CAUSE OF ACTION

15. In response to paragraph 15 of the complaint, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 14 as set forth herein at length.

16. Denies each and every allegation contained in paragraph 16 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of plaintiff's complaint as it pertains to the remaining parties

17. Denies each and every allegation contained in paragraph 17 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of plaintiff's complaint as it pertains to the remaining parties

## THIRD CAUSE OF ACTION

18. In response to paragraph 18 of the complaint, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 17 as set forth herein at length.

19.  Denies each and every allegation contained in paragraph 19 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of plaintiff's complaint as it pertains to the remaining parties

20.  Denies each and every allegation contained in paragraph 20 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 20 of plaintiff's complaint as it pertains to the remaining parties

21.  Denies each and every allegation contained in paragraph 21 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 21 of plaintiff's complaint as it pertains to the remaining parties

22.  Denies each and every allegation contained in paragraph 22 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 22 of plaintiff's complaint as it pertains to the remaining parties

23.  Denies each and every allegation contained in paragraph 23 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 23 of plaintiff's complaint as it pertains to the remaining parties

## FORTH CAUSE OF ACTION

24. Denies each and every allegation contained in paragraph 24 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 24 of plaintiff's complaint as it pertains to the remaining parties

25. Denies each and every allegation contained in paragraph 25 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 25 of plaintiff's complaint as it pertains to the remaining parties

26. Denies each and every allegation contained in paragraph 26 of plaintiff's complaint as it relates to ETI, and denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 26 of plaintiff's complaint as it pertains to the remaining parties.

## FIFTH CAUSE OF ACTION

27. In response to paragraph 27, defendant repeats and realleges each and every allegation contained in paragraphs 1 through 26 as set forth herein at length.

28. The allegations contained in paragraph 28 set forth a legal conclusion to which no response is required. In the event the court subsequently determines that a response is required, ETI denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 28 of plaintiff's complaint.

## GENERAL PROVISON

29. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. This Court lacks personal jurisdiction over defendant ETI.

### SECOND AFFIRMATIVE DEFENSE

2. Venue in this district is improper and inconvenient as to Midnight Express.

### THIRD AFFIRMATIVE DEFENSE

3. This action should be dismissed under the doctrine of forum non conveniens.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has failed to state a cause of action against ETI upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

5. The liability of ETI, if any, is limited by the terms and conditions of any applicable cartage agreements, contracts of carriage, bills of lading, tariffs, statutes, regulations, or international treaties.

## SIXTH AFFIRMATIVE DEFENSE

6. To the extent that plaintiff has failed to comply with notice of claim requirement, notice of suit requirement, or any other conditions precedent in the applicable agreements, it is therefore barred from pursing this action.

## SEVENTH AFFIRMATIVE DEFENSE

7. Any loss or damage, which is specifically denied, was caused in whole or in part by the negligence of the plaintiff, other parties and/or other entities or persons not under the control of the answering defendant and as such plaintiff is not entitled to recovery from ETI.

## EIGHTH AFFIRMATIVE DEFENSE

8. Other persons or entities, whether or not parties, each were negligent and such negligence was a proximate cause of plaintiff's injuries, if any, and should any judgment be awarded to plaintiff, it must be apportioned among all such negligence persons or entities.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff has failed to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

10. Midnight Express hereby reserves all of its right to amend this Answer and or supplement its Affirmative Defenses in accordance with any additional information developed during the course of discovery.

## ETI'S CROSS-CLAIMS AGAINST KUEHNE & NAGEL, INC., KUEHNE & NAGEL, S.A., AND CONTINENTAL AIRLINES, INC.

In the alternative, and without prejudice to any of the responses and affirmative defenses set forth above, and in particular without waiving any defense that ETI has asserted with respect to jurisdiction or venue, ETI, and as for its cross-claims against Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and Continental Airlines, Inc. (collectively, the "Co-defendants") states as follows:

### FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

1. Any injury or damage sustain as alleged in the complaint was caused solely by reason of the culpable conduct of defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc., without any negligence or culpable conduct on the part of defendant ETI contributing thereto.

2. If plaintiff recovers judgment against ETI for the injuries or damages alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc., their agents, servants or employees, and defendant ETI is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

3. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the culpable conduct of defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc. without any negligence or culpable conduct on part of defendant ETI contributing thereto.

4. If plaintiff recovers judgment against ETI for the injuries or damage alleged in the Complaint, such liability will have been brought about or caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc., their agents, or employees, and ETI is entitled to contribution from defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc. in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or in the alternative, that ETI shall have judgment over and against defendants, Kuehne & Nagel, Inc., Kuehne & Nagel, S.A., and/or Continental Airlines, Inc., for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

WHEREFORE, defendant Exclusive Transportation for Industry, Inc. demands judgment dismissing the complaint, or in the alternative for judgment on the cross-claims for the amount of any judgment against defendant Exclusive Transportation for Industry, Inc., together with costs, disbursement and such other and further relief as this Court deems just and proper.

Dated: September 24, 2007
      New York, New York

                                 SCHINDEL, FARMAN, LIPSIUS,
                                  GARDNER & RABINOVICH, LLP

By: _____
                                Andrew Karonis (AK5377)
                          14 Penn Plaza, Suite 500
                          New York, New York  10122
                          Telephone No.: (212) 563-1710