UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SANOFI PASTEUR, INC., f/k/a AVENTIS
PASTEUR, INC. and Cargo Insurers,           ECF CASE

                Plaintiffs,           07 Civ. 6354 (Judge Jones)

   -against-

KUEHNE & NAGEL, INC.; KUEHNE &              ANSWER AND
NAGEL, S.A.; EXCLUSIVE TRANSPOR-            CROSS-COMPLAINT
TATION FOR INDUSTRY, INC.,
CONTINENTAL AIRLINES, INC.,

                Defendants.
----------------------------------------------------------x

     Defendant, Kuehne & Nagel, Inc. (hereinafter K&N) by its attorney, Ernest H. Gelman, answering the complaint herein alleges upon information and belief as follows:

    1.    Denies information sufficient to form a belief as to the allegations contained in paragraphs 1, 6, 7, 10, 11, 14, 16 and 19 of the complaint herein.

    2.    Denies each and every allegation contained in paragraphs 12, 13, 17, 20, 23, 25, 26 and 28 of the complaint herein.

    3.    As to the allegations in paragraph 2 of the complaint, admits that K&N is a corporation organized and existing under the laws of and with its principal place of business in one of the 50 states, but denies knowledge or information sufficient to form a belief as to the allegations referring to defendant's Exclusive Transportation for Industry, Inc. (ETI) and continental Airlines, Inc. (Continental).

    4.    Admits upon information and belief the allegation contained in paragraph 3 of the complaint.

    5.    Admits that this Court has *in personum* jurisdiction over defendant K&N but otherwise denies the remaining allegations of said paragraph 4 of the complaint.

6. Admits the allegations referred to in paragraph 8 of the complaint but refers to the documents referred to therein as to their terms, conditions and their application to this suit.

7. Admits some of the allegations contained in paragraph 9 of the complaint, namely that the shipment consisted of products for which temperature control was requested but otherwise denies knowledge or information sufficient to form a belief as to the perishable nature of the product or its special handling.

8. Admits the allegations of paragraph 21 of the complaint insofar as it alleges that this defendant charged a supplemental and/or an enhanced freight rate for providing temperature control care of the shipment.

9. Admits the allegations contained in paragraph 222 of the complaint insofar as it alleges that this defendant contracted to provide temperature controlled care for the handling of the shipment in suit for services related to air carriage.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of treaty of the United States known as the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, on October 12, 1929, 49 State. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), reprinted in 49 U.S.C.A. §40105 (1997) (Note) and/or as amended by the Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air signed at Warsaw 12 October 1919, 578 U.N.T.S. 371, ICAO Doc. 7686-LC/140 (signed at The Hague, 28 September

1955 and entered into force 1 August 1963 (hereinafter collectively referred to as the "Warsaw Convention"), which governs the rights and liabilities of the parties.

11. Pursuant to Article 18 of the Warsaw Convention and/or K&N's conditions of contract, K&N is not liable to plaintiff for the loss or damage claimed in the complaint because the alleged incident did not or may not have taken place during "transportation by air" by K&N or during the period of time in which the goods were in the charge of K&N.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Pursuant to Article 20 of the Warsaw Convention and/or K&N's conditions of contract, K&N is not liable to plaintiff because K&N, through its officers, agents and employees, took all necessary measures to avoid the loss or damage described in the complaint, or because it was impossible for K&N, through its officers, agents and employees, to take such measures.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. Pursuant to Article 21 of the Warsaw Convention, K&N is not liable to plaintiff for the loss or damage described in the complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its employees or agents.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. The liability of K&N, if any, is limited pursuant to Article 22 of the Warsaw Convention and/or K&N's conditions of contract.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. Pursuant to Article 26 of the Warsaw Convention and the condition of K&N's contract with plaintiff, K&N is not liable to plaintiff because plaintiff failed to dispatch timely written notice of claim to K&N of the loss or damages alleged in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. Pursuant to its conditions of carriage as wet forth in the relevant contract of transportation and/or the applicable law, K&N is not liable to plaintiff, or in the alternative, K&N's liability is limited.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

17. The alleged damages complained of were caused or contributed to by the negligence of parties other than K&N and for whom K&N is not responsible and therefore, K&N is not liable to plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

18. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of K&N.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

19. K&N performed all of the terms and conditions of the contract between the parties, if any, which were to be performed by K&N, in accordance with such terms and conditions of contract.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate its damages, if any, and plaintiff therefore is barred from recovering any such damages from K&N.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

21. Pursuant to the air waybills and applicable statutes and conventions, the liability of K&N as carrier would be limited by the weight of the goods in question.

22. Upon information and belief the liability of defendant K&N based upon the weight of cargo claimed to have been lost or replaced would be limited to less than that sought by plaintiff herein.

AS AND FOR A TWELFTH AFFIRMTIVE DEFENSE

23. Pursuant to the terms and conditions plaintiff has failed to mitigate its damages, if any, and plaintiff is therefore barred from recovering any such damages from this defendant.

AS AND FOR A THIRTEENTH AFFIRMTIVE DEFENSE

24. Upon information and belief defendant K&N has a contractual relationship with plaintiff or its predecessor in interest pursuant to which its liability is limited to $50.

AS AND FOR A FIRST CROSS CLAIM AGAINT
DEFENSANT CONTINENTAL AIRLINES AND
EXCLUSIVE TRANSPORTATION FOR INDUSTRY, INC.

25. Upon information and belief, plaintiff's goods were delivered to the co-defendants Continental and ETI which assumed all duties and responsibilities of temperature control for the plaintiff's shipment.

26. To the extent plaintiff's goods were lost or damaged, such loss or damage was caused, upon information and belief, solely by the failure or omissions of defendant Continental and ETI or its agent.

27. Upon information and belief, Continental and ETI directly or indirectly, cause plaintiff's cargo to be delivered to Southwest Airlines.

28. If defendant K&N is found liable for any damages alleged n the complaint, the sole cause of such damages was the breach of contract, negligence or other failure of co-defendants Continental and ETI and/or Southwest Airlines to which Continental and ETI transferred the plaintiff's goods.

29. As a result of the foregoing acts or omissions, K&N is entitled to contribution against the co-defendants, Continental and ETI, for all sums for which K&N may be held liable to plaintiff, including reasonable attorneys fees and costs and disbursements of this action.

WHEREFORE, defendant demands judgment as follows:

1. Dismissing the complaint here together with costs and disbursements.

2. A declaration that if K&N is held liable to plaintiff, judgment be rendered against the co-defendants, Continental and ETI, determining its responsibilities for the damages sustained by plaintiff and that said co-defendants be obligated to contribute to the amount of any judgment or settlement in favor of the plaintiff in proportion to its respective responsibilities.

3. Attorneys fees and costs incurred from the co-defendants.

4. For such other and further relief as this Court may deem just and proper.

Ernest H. Gelman (EHG 4748)
Attorney for Kuehne & Nagel, Inc.
350 Fifth Avenue, Suite 4908
New York, NY 10118
Telephone: (212) 332-2345

TO:   David Mazaroli, Esq.
       Attorney for Plaintiffs
       11 Park Place – Suite 1214
       New York, NY 10007-2801

       Francis A. Montbach, Esq.
       Mound Cotton Wollan & Greengrass
       1 Battery Park Plaza
       New York, NY 10004