```
-----------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

|  |  |
|---|---|
| SANOFI PASTEUR, INC., f/k/a AVENTIS PASTEUR, INC. and Cargo Insurers, | ECF CASE<br><br>07 Civ. 6354 (BSJ)<br><br>**ANSWER** |
| Plaintiffs, | |
| - against- | |
| KUEHNE & NAGEL, INC.; KUEHNE & NAGEL, S.A.; EXCLUSIVE TRANSPORTATION FOR INDUSTRY, INC.; CONTINENTAL AIRLINES, INC., | |
| Defendants. | |

```
-----------------------------------------------------------X
```

    Defendant, Continental Airlines, Inc., by its attorneys, MOUND COTTON WOLLAN & GREENGRASS, as and for its Answer to the Complaint herein, alleges:

    FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "1" and "3".

    SECOND:    Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "2", except that it admits that it is a corporation organized under the laws of the state of Delaware, and with its principal place of business in the state of Texas.

    THIRD:    Denies each and every allegation contained in that paragraph of the Complaint designated "4", as those allegations relate to this Defendant, except that it admits that it is a duly certified direct air carrier engaged in the carriage of persons and property in interstate and international transportation, pursuant to authority granted by the Department of

Transportation of the United States. In addition, this Defendant denies knowledge or information sufficient to form a belief as to the allegations of this paragraph which relate to the Co-Defendants herein.

## AS TO THE FIRST CAUSE OF ACTION

FOURTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST", "SECOND" and "THIRD" of this Answer with the same force and effect as if more fully set forth herein at length.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the complaint designated "6", "7", "8", "9", "11", "13" and "14".

SIXTH: Denies each and every allegation contained in that paragraph of the complaint designated "12", insofar as that paragraph refers to this defendant.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the complaint designated "10", except that it denies the allegations in that paragraph which relate to this defendant.

## AS TO THE SECOND CAUSE OF ACTION

EIGHTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "SEVENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

NINTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the complaint designated "16", except that it denies the allegations in that paragraph which relate to this defendant.

204601.1

TENTH: Denies each and every allegation contained in that paragraph of the complaint designated "17", insofar as it relates to this defendant.

## AS TO THE THIRD CAUSE OF ACTION

ELEVENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "TENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the complaint designated "19".

THIRTEENTH: Denies each and every allegation contained in those paragraphs of the complaint designated "20", "21", "22" and "23", insofar as those paragraphs relate to this defendant.

## AS TO THE FOURTH CAUSE OF ACTION

FOURTEENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "THIRTEENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

FIFTEENTH: Denies each and every allegation contained in those paragraphs of the complaint designated "25" and "26", insofar as those paragraphs relate to this defendant.

## AS TO THE FIFTH CAUSE OF ACTION

SIXTEENTH: Repeats, reiterates and realleges each and every allegation and denial contained in paragraphs "FIRST" through "FIFTEENTH" of this Answer with the same force and effect as if more fully set forth herein at length.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the complaint designated "28".

204601.1

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTEENTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINETEENTH: The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the terms and provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, as amended, if applicable.

TWENTIETH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, as amended, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

TWENTY-FIRST: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SECOND: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, as amended, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

204601.1

TWENTY-THIRD: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, as amended, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless a written notice of claim concerning such loss, damage or delay is filed within the applicable time limit.

TWENTY-FIFTH: Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed within the applicable time limit.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: That under the applicable provisions of the air waybill contract of carriage, tariffs and/or the Warsaw Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

TWENTY-EIGHTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: That under the applicable provisions of the air waybill contract of carriage, the applicable tariffs and/or the Warsaw Convention, if applicable, the liability, if any, of Continental Airlines, Inc. for any loss, damage or delay is limited.

### AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

THIRTIETH: The complaint should be dismissed for its failure to name an indispensable party or parties.

### AS AND FOR NINTH AFFIRMATIVE DEFENSE

THIRTY-FIRST: That this defendant acted as an agent of disclosed principle co-defendants Kuehne & Nagel, Inc. and Exclusive Transportation for Industry, Inc., and, as such, is not personally liable on the contract(s) between the disclosed principles and plaintiff herein.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS

THIRTY-SECOND: That if the defendant, Continental Airlines, Inc., is held liable to the plaintiff herein for any loss, damage or delay, such liability on the part of Continental Airlines, Inc. shall have been caused by or brought about by the acts and/or omissions of co-defendants Kuehne & Nagel, Inc. and Exclusive Transportation for Industry, Inc., and, in that event, Continental Airlines, Inc. shall be entitled to be indemnified and held harmless by Kuehne & Nagel, Inc. and Exclusive Transportation for Industry, Inc. for all amounts including attorneys' fees.

### AS AND FOR A SECOND CROSS CLAIM AGAINST THE CO-DEFENDANTS

204601.1

THIRTY-THIRD: That if the defendant, Continental Airlines, Inc., is held liable to the plaintiff herein, then, in that event, Continental Airlines, Inc. is entitled to contribution from co-defendants Kuehne & Nagel, Inc. and Exclusive Transportation for Industry, Inc. in an amount corresponding to the proportion of fault on the part of Kuehne & Nagel, Inc. and Exclusive Transportation for Industry, Inc. towards the payment of any judgment which may be entered in favor of the plaintiff herein.

WHEREFORE, defendant, Continental Airlines, Inc. demands judgment against the plaintiff dismissing this action; or in the alternative for a judgment with contribution as between the defendants, together with costs and disbursements.

Dated: New York, New York
       October 4, 2007

                                      MOUND COTTON WOLLAN & GREENGRASS
                                      Attorneys for Defendant

                              By: _____
                                      Francis A. Montbach (FM 9631)
                                      Mound Cotton Wollan & Greengrass
                                      One Battery Park Plaza
                                      New York, New York 10004
                                      (212) 804-4200

TO:

David L. Mazaroli, Esq.
11 Park Place, Suite 1214
New York, NY 10007-1214
Attorney for Plaintiffs Sanofi Pasteur, Inc. et al.

Ernest H. Gelman, Esq.
350 Fifth Avenue, Suite 4908
New York, NY 10118
Attorney for Defendant Kuehne & Nagel, Inc.

204601.1

Andrew Karonis, Esq.
Schindel, Farman, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, NY 10122
Attorneys for Defendant Exclusive Transportation for Industry, Inc.

```
-----------------------------------------------------------X
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

|  |  |
|---|---|
| SANOFI PASTEUR, INC., f/k/a AVENTIS PASTEUR, INC. and Cargo Insurers, | ECF CASE |
| Plaintiffs, | 07 Civ. 6354 (BSJ) |
| - against- | **AFFIDAVIT OF SERVICE** |
| KUEHNE & NAGEL, INC.; KUEHNE & NAGEL, S.A.; EXCLUSIVE TRANSPORTATION FOR INDUSTRY, INC.; CONTINENTAL AIRLINES, INC., |  |
| Defendants. |  |

```
-----------------------------------------------------------X
```

STATE OF NEW YORK)          ss.:
COUNTY OF NEW YORK)

MARIS JADE KATZ, being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in New York, New York.

That on October 4, 2007, deponent served the within **ANSWER** upon:

David L. Mazaroli, Esq.
11 Park Place, Suite 1214
New York, NY 10007-1214
Attorney for Plaintiffs Sanofi Pasteur, Inc. et al.

Ernest H. Gelman, Esq.
350 Fifth Avenue, Suite 4908
New York, NY 10118
Attorney for Defendant Kuehne & Nagel, Inc.

Andrew Karonis, Esq.
Schindel, Farman, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, NY 10122
Attorneys for Defendant Exclusive Transportation for Industry, Inc.

at the address designated by said entity for that purpose by facsimile and by depositing the same enclosed in a first-class postpaid properly addressed wrapper to said entity at the above address in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Maris Jade Katz

Sworn to before me
October 4, 2007

KEVIN J. BRASSIL
Notary Public, State of New York
No. 31-5018311
Qualified in New York County
Certificate Filed in New York County
Commission Expires Sept. 27, 20___

204921.1